UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

```
-----------------------------x
                              :
SHAWN MILNER                  :    Civ. No. 3:18CV01104(JAM)
                              :
v.                            :
                              :
CITY OF BRISTOL, et al.       :    October 13, 2020
                              :
-----------------------------x
```

## RULING ON MOTIONS TO COMPEL [Docs. #48, #62]

Pending before the Court are two motions to compel discovery, one filed by defendants (Doc. #48) and one filed by plaintiff (Doc. #62). For the reasons set forth below, defendants' motion to compel is **GRANTED, IN PART, AND DENIED, IN PART**. Plaintiff's motion is **DENIED**, without prejudice, as premature.

## I.   Background

Plaintiff Shawn Milner ("plaintiff") brought this action against the Bristol Police Department and a number of its officers, making claims arising out of an incident that occurred on April 11, 2018 (hereinafter, "the Incident"). See Doc. #1. Upon initial review pursuant to 28 U.S.C. §1915, the Court permitted certain claims to proceed against Bristol P.D. Officers Kichar, Podlesney, DeMonte, and Marino (collectively, "defendants"). See Doc. #15. The Complaint proceeds on claims against each defendant for excessive force in violation of the

1

Fourth Amendment, pursuant to 28 U.S.C. §1983, and for assault and battery under state law. See Doc. #15 at 7.

Plaintiff alleges that on the date of the Incident, he was a passenger in his fiancée's car when Officer Kichar signaled the car "to pull over without probable cause." Doc. #1 at 12. Officer Kichar then approached the vehicle and "instructed the plaintiff to 'get out of the car.'" Id. Officer Kichar "began to grab the plaintiff in an extremely aggressive manner[,]" causing plaintiff to fear for his safety. Id. Plaintiff tried to "create distance between him self" and Officer Kichar and "was then struck by a police cruiser ... driven by Defendant Podlesney." Id.

While plaintiff lay on the ground, he alleges, Officers Kichar and Podlesney "climbed onto [his] back, pinning his hands underneath" him. Id. At some point, defendants DeMonte and Marino arrived on the scene, and began to strike plaintiff on the back and legs. See id at 13. Plaintiff alleges that he was eventually handcuffed, and defendants struck him "in the head several more times." Id. Plaintiff alleges that he lost consciousness and suffered a serious seizure. See id. Plaintiff was transported to the hospital by ambulance, where he was treated for "injuries to his chin, face, back his head, and right arm[,]" and was held "until he could be stabilized." Id.

The parties have engaged in discovery, which has now closed. See Doc. #37 (setting close of discovery on October 1, 2020). No dispositive motions have yet been filed. The Court addresses the parties' motions in turn below.

## II.   **Applicable Law, Generally**

Rule 26(b)(1) of the Federal Rules of Civil Procedure sets forth the scope and limitations of permissible discovery:

> Parties may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense and proportional to the needs of the case, considering the importance of the issues at stake in the action, the amount in controversy, the parties' relative access to relevant information, the parties' resources, the importance of the discovery in resolving the issues, and whether the burden or expense of the proposed discovery outweighs its likely benefit. Information within this scope of discovery need not be admissible in evidence to be discoverable.

Fed. R. Civ. P. 26(b)(1). "[T]he burden of demonstrating relevance remains on the party seeking discovery." Bagley v. Yale Univ., 315 F.R.D. 131, 144 (D. Conn. 2016) (citation omitted), as amended (June 15, 2016); Republic of Turkey v. Christie's, Inc., 326 F.R.D. 394, 400 (S.D.N.Y. 2018) (same). Once the party seeking discovery has demonstrated relevance, the burden then shifts to "[t]he party resisting discovery ... [to] show[] why discovery should be denied." Cole v. Towers Perrin Forster & Crosby, 256 F.R.D. 79, 80 (D. Conn. 2009).

The Court notes that it exercises particular caution in addressing cases involving self-represented litigants, and is

cognizant of the limitations necessarily imposed on incarcerated litigants. "Though a court need not act as an advocate for pro se litigants, in pro se cases there is a greater burden and a correlative greater responsibility upon the district court to insure ... that justice is done." Davis v. Kelly, 160 F.3d 917, 922 (2d Cir. 1998) (citation and quotation marks omitted).

## III. **Plaintiff's Motion to Compel [Doc. #62]**

Plaintiff has filed a motion to compel, addressing two specific types of discovery: (1) "police reports (Affidavits)" relating to the Incident, and (2) "body worn camera footage in its entirety" for the remaining defendants. Doc. #62 at 1. Defendants do not object to these requests on substantive grounds; rather, they assert that they have "timely responded to all of plaintiff's discovery requests and have produced all relevant documents and media in their possession to him." Doc. #67 at 4. Indeed, the deadline for responding to plaintiff's discovery requests was October 9, 2020, see Doc. #60, and the motion to compel was filed on September 24, 2020. Thus the motion filed September 24, 2020, was premature. The motion is therefore **DENIED, without prejudice**.

If, after reviewing the disclosures received from defendants, plaintiff has good cause to believe that he has not received all police reports and affidavits relating to the Incident, and all "body worn camera footage in its entirety"

4

capturing the Incident, he may file a renewed motion to compel on or before **October 30, 2020.**

### IV.   Defendants' Motion to Compel [Doc. #48]

Defendants seek an order compelling plaintiff to provide additional responses to certain Interrogatories and Requests for Production of Documents ('RFPs'), dated June 29, 2020. See Doc. #48-2. Plaintiff has provided responses to some of these Interrogatories and RFPs, but has largely objected on grounds of relevance, overbreadth, and on the theory that the information sought is already within the possession and control of defendants.

Defendants argue that plaintiff has waived any objection to the discovery requests, because his responses and objections were filed on August 10, 2020, more than thirty days after the requests were served.[1] See Doc. #48-1 at 6. Defendants assert

---

[1] The Court notes that the requests are dated June 29, 2020. See Doc. #48-2. "Normally it is assumed that a mailed document is received three days after its mailing." Sherlock v. Montefiore Med. Ctr., 84 F.3d 522, 525 (2d Cir. 1996). The Local Rules of this Court apply a more generous five-day mailing rule to certain matters. See D. Conn. L. Civ. R. 72.2(a). Mail delivered to prisons may be further delayed by the need for security reviews, and here the mail in question was sent during the COVID pandemic, which has caused delays of all sorts. June 29, 2020, was also the Monday of the holiday week leading up to the Independence Day holiday, which could have further delayed delivery. In any event, the earliest date that the requests can be assumed to have been received by plaintiff would be July 2, 2020, allowing three days for mailing and 24 hours for delivery within the prison. A receipt date of July 2, 2020, would have made the responses due August 1, 2020, except that August 1,

that "[d]uring a telephone conversation on July 21, 2020,
plaintiff notified [defendants'] counsel that he was ill, and
indicated that he would need additional time to respond and/or
object to the defendants' discovery requests." Doc. #48-1 at 2.
Defendants' counsel did not object to an extension of the
response deadline, but plaintiff never sought an extension from
the Court. See id.

The Court declines to find waiver where plaintiff is a
self-represented, incarcerated inmate, and where his responses
and objections were provided only one week late. "[A] court has
discretion to excuse the waiver depending upon the
circumstances." Boyd v. Petralis, No. 6:16CV06286(EAW)(MWP),
2019 WL 1103852, at *2 (W.D.N.Y. Mar. 8, 2019) (finding three
week delay in discovery responses insufficient to impose
waiver), report and recommendation adopted, 2019 WL 1434596
(W.D.N.Y. Mar. 29, 2019). Waiver is not appropriate if "good
cause" excuses the failure to timely object. Fed. R. Civ. P.
33(b)(4).

Here, "good cause" exists to excuse plaintiff's failure to
respond in a timely fashion, and the circumstances of the delay
do not support a finding of waiver. Plaintiff faces significant
practical difficulties in conducting discovery as an inmate in a

---

2020, was a Saturday, such that the deadline would automatically
be reset to August 3, 2020. See Fed. R. Civ. P. 6(a)(3).

maximum-security prison. Plaintiff notified defendants that he would need more time to respond to their requests, and he filed responses and objections promptly; thus, his conduct was not "deliberately evasive[.]" McKissick v. Three Deer Ass'n Ltd. P'ship, 265 F.R.D. 55, 57 (D. Conn. 2010). In these circumstances, "the interests of justice would be best served by allowing [plaintiff] to have an opportunity to voice [his] objections to [defendants'] requests[.]" Id.

Accordingly, the Court will proceed to consider the merits of the objections and the motion to compel. The Court addresses each of the disputed requests below.[2]

### A.    Interrogatories 1, 3, 10, 14, 15, 16, 22, 25; RFPs 1, 2, 3, 6

Plaintiff has objected to these interrogatories and requests for production solely on the basis that the information sought is already in the possession of the defendants. See Doc. #43, passim. This objection is without merit.

"[O]ne of the purposes of discovery ... is to ascertain the position of the adverse party on the controverted issues[,]" and "it is irrelevant that the party seeking discovery already knows the facts as to which he seeks discovery." S.E.C. v. Cymaticolor Corp., 106 F.R.D. 545, 549 (S.D.N.Y. 1985) (citations and

---

[2] Defendants do not seek any order as to Interrogatories 11, 13, 18, or 23.

quotation marks omitted). An objection that the information sought in an interrogatory or request for production is "equally available" to the requesting party is "insufficient to resist a discovery request." Charter Practices Int'l, LLC v. Robb, No. 3:12CV01768(RNC)(DFM), 2014 WL 273855, at *2 (D. Conn. Jan. 23, 2014); see also St. Paul Reinsurance Co., Ltd. v. Commercial Fin. Corp., 198 F.R.D. 508, 514 (N.D. Iowa 2000) (An objection that a discovery request "seeks information and documents equally available to the propounding parties from their own records or from records which are equally available to the propounding parties[]" is "insufficient to resist a discovery request."). No other objection has been lodged to these requests.

Accordingly, defendants' motion to compel is **GRANTED** as to Interrogatories 1, 3, 10, 14, 15, 16, 22, and 25. Plaintiff shall provide responses to these Interrogatories on or before **October 30, 2020**. The motion to compel is also **GRANTED** as to RFPs 1, 2, 3, and 6. Plaintiff shall provide responses to these Requests for Production on or before **November 13, 2020**.

**B.   Interrogatories 4, 5, 6, 7, 8, 9, 19; RFPs 4, 8, 9**

These Interrogatories and RFPs seek information regarding plaintiff's allegations of physical, mental, and emotional injuries caused by the Incident; his treatment for those injuries; and any pre-existing conditions. Plaintiff objects to

these requests for various reasons, including that the information is already in the control of defendants; those objections are overruled for the reasons stated above. Plaintiff also contends that these requests are overbroad and that they seek irrelevant information. The Court disagrees.

Plaintiff has placed his physical and mental health at issue in this case, alleging that he "was indeed injured physically, mentally and emotionally and continues to live in fear of police officers due to the" Incident. Doc. #1 at 18 (sic). "By commencing this action and seeking damages for his medical injuries, [plaintiff] has placed his relevant medical condition at issue." Bayne v. Provost, 359 F. Supp. 2d 234, 238 (N.D.N.Y. 2005). Therefore, information regarding plaintiff's alleged injuries, including the treatment he received for said injuries, is relevant and discoverable. See Wallace v. Best Buy Stores, L.P., No. 3:11CV00994(AWT)(DFM), 2012 WL 5503775, at *2 (D. Conn. Nov. 13, 2012) (Where plaintiff claimed damages resulting from physical injury, "the defendant is entitled to the plaintiff's medical information.").

The same is true for plaintiff's mental health condition and any treatment received. Courts in this Circuit recognize that mental health treatment records are discoverable "when a plaintiff puts his or her mental condition at issue in the case." Green v. St. Vincent's Med. Ctr., 252 F.R.D. 125, 127 (D.

Conn. 2008). A plaintiff puts his mental health treatment and condition at issue when he alleges "more than a garden variety claim for emotional distress." Jacobs v. Connecticut Cmty. Tech. Colleges, 258 F.R.D. 192, 196 (D. Conn. 2009). "Garden variety claims refer to claims for compensation for nothing more than the distress that any healthy, well-adjusted person would likely feel as a result of being so victimized[.]" E.E.O.C. v. Nichols Gas & Oil, Inc., 256 F.R.D. 114, 121 (W.D.N.Y. 2009) (citation and quotation marks omitted).

Plaintiff asserts more than mere garden variety emotional distress; he alleges serious mental injuries. He contends that "to treat the mental and psychological post traumatic stress and anxiety resulting from the defendants misconduct the plaintiff will require theraputic counseling[.]" Doc. #43 at 32 (sic). Further, plaintiff alleges, "[t]he Bristol hospital reports and discharge reports clearly state that the plaintiff must recieve future follow up care." Id. (sic). Plaintiff claims specific, severe mental and psychological injuries and alleges that he requires treatment for these injuries. Thus, plaintiff has put his mental health condition and any treatment at issue by asserting "more than a garden variety claim for emotional distress." Jacobs, 258 F.R.D. at 196.[3]

---

[3] If plaintiff wishes to withdraw his claims for mental, psychological and emotional harm, plaintiff need not disclose

Additionally, information regarding plaintiff's pre-existing physical and mental health conditions is relevant to determining the scope and severity of the alleged injuries sustained. See, e.g., Alston v. Pafumi, No. 3:09CV01978(VAB), 2016 WL 2732156, at *2 (D. Conn. May 10, 2016) ("[I]f [plaintiff] claims that he suffered physical injuries from the alleged assault, medical records showing that the injuries predated the alleged assault may also be relevant."); see also Lewis v. Velez, 149 F.R.D. 474, 483 (S.D.N.Y. 1993) ("Past medical records detailing [plaintiff's] physical condition are relevant to the extent that causation of [plaintiff's] injuries is in controversy."); Green, 252 F.R.D. at 128 (Past communications between a plaintiff and his mental health provider are discoverable "to attempt to show that a plaintiff's emotional distress was caused at least in part by events and circumstances other than those at issue in the immediate case.").

---

his mental health treatment records to defendants. See Green, 252 F.R.D. at 129 n.4 (noting that "withdrawal or formal abandonment of all claims for anything beyond 'garden variety' emotional distress, along with explicit assurance that the plaintiff does not intend to put [his] mental or emotional state at issues in this case conceivably could serve to avoid" the need for disclosure of mental health records).

The Court notes that plaintiff objects to some portions of Interrogatory 4 as overbroad. This Interrogatory is properly limited to injuries "sustained as a result of the incident alleged in [the] Complaint," Doc. #48-2 at 5, and as limited is not overbroad. Plaintiff shall answer each subsection of this Interrogatory with that limitation in mind.

Accordingly, defendants' motion to compel is **GRANTED** as to Interrogatories 4, 5, 6, 7, 8, 9, and 19. Plaintiff shall provide responses to these Interrogatories on or before **October 30, 2020**. The motion to compel is also **GRANTED** as to RFPs 4, 8, and 9. Plaintiff shall provide responses to these Requests for Production on or before **November 13, 2020**.

**C.   RFP 11**

RFP 11 asks plaintiff to execute a general Authorization to Disclose HIPPA Protected Information. As noted above, medical information related to plaintiff's injuries, treatment, and pre-existing conditions is relevant and discoverable. However, the request that plaintiff grant defendants access to all medical records, of any sort, from any time, is overbroad.

Plaintiff has been directed to respond to Interrogatories and RFPs relating to his injuries, treatment, and pre-existing conditions. Proper responses to these interrogatories and RFPs will provide defendants with the medical information and records relevant to this case. Plaintiff, as a self-represented inmate,

may face practical challenges in producing these records to defendants. Therefore, if plaintiff is unable to produce his medical records, or if he prefers to provide releases and permit defendants to seek the records themselves, plaintiff may provide defendants with targeted HIPPA releases, authorizing defendants to access plaintiff's medical records regarding (1) the injuries (mental, psychological, and/or physical) he allegedly sustained during the Incident; (2) treatment for such injuries and resulting conditions; and (3) medical records relating to pre-existing conditions for a period of ten years prior to the Incident.

Accordingly, defendants' motion to compel is **DENIED** as to RFP 11, without prejudice. If plaintiff fails to produce his medical records in compliance with RFPs 4, 8, and 9, as directed, defendants may reassert their motion to compel as to this RFP.

### D.   Interrogatory 12; RFP 10

Interrogatory 12 seeks information regarding any blood tests performed on plaintiff in the 24 hours after the Incident "to determine the presence of alcohol, drugs, or other medicine" in his blood, Doc. #48-2 at 7, and RFP 10 seeks any records of such testing. This information is relevant, particularly to a defense that the use of force was necessary in response to plaintiff's conduct on the date of the Incident, and it is

properly limited to a 24-hour period immediately following the Incident.

Accordingly, defendants' motion to compel is **GRANTED** as to Interrogatory 12. Plaintiff shall provide a response to this Interrogatory on or before **October 30, 2020**. The motion to compel is also **GRANTED** as to RFP 10. Plaintiff shall provide a response to this Request for Production on or before **November 13, 2020**.

### E.   Interrogatory 2

Interrogatory 2 asks plaintiff to "detail all activities you engaged in during the twenty-four (24) hours immediately preceding the incident alleged in your Complaint[.]" See Doc. #48-2 at 5. Defendants argue that this request is "reasonably limited in time and scope[.]" Doc. #48-1 at 7. The Court agrees as to time, but finds that the scope is overbroad. Defendants contend that "plaintiff's conduct in that twenty-four hour period and any interactions plaintiff had with law enforcement officials, plaintiff's use of alcoholic beverages, pharmaceuticals, narcotics, or drugs, and his attempt to sell a car is relevant." Id. The Court disagrees that an attempt to sell a car is relevant, and finds that plaintiff's conduct that day generally is not relevant or discoverable.

The Court therefore directs plaintiff to respond to the following narrowed version of this Interrogatory: State whether,

during the 24-hour period prior to the Incident, you had any interactions with law enforcement officials, and if so, describe such interactions in detail. State whether, during the 24-hour period prior to the incident, you used any alcoholic beverages, pharmaceuticals, narcotics, or drugs, and if so, describe when and what you used.

Accordingly, defendants' motion to compel is **GRANTED, in part,** as to Interrogatory 2. Plaintiff shall provide a response to this Interrogatory on or before **October 30, 2020**.

### F.   Interrogatory 17; RFP 7

Interrogatory 17 and RFP 7 ask plaintiff to provide information related to any person he intends "to call as an expert witness" in this case. Doc. #48-2 at 9. Discovery closed on October 1, 2020, and plaintiff made no expert disclosures in accordance with Rule 26(a)(2). It thus appears that these requests are moot. Accordingly, defendants' motion to compel is **DENIED** as to Interrogatory 17 and RFP 7.

### G.   Interrogatory 20

Interrogatory 20 seeks information related to the "criminal charges against [plaintiff] stemming from the" Incident, Doc. #48-2 at 10, including "the court in which they were prosecuted;" the names of the prosecutor, defense attorney, and judge; and "the date the charges were resolved and their precise disposition[.]" Id. Defendants state in a conclusory fashion

that they "are entitled to the information in order to prepare their defense in this matter." Doc. #48-1 at 11. The Court finds that the information sought in subsections (a) and (d) of Interrogatory 20 – seeking "the court in which they were prosecuted[]" and "the date the charges were resolved and their precise disposition[]" is relevant and discoverable. Doc. #48-2 at 10. The Court can conceive of no possible relevance of the identities of the attorneys and judges involved in the proceedings, and defendants suggest none in their briefing.

Accordingly, defendants' motion to compel is **GRANTED**, as to Interrogatories 20(a) and 20(d), and **DENIED** as to Interrogatories 20(b), 20(c), and 20(e). Plaintiff shall provide responses to these Interrogatories on or before **October 30, 2020**.

**H.   Interrogatory 21**

Interrogatory 21 seeks information related to the damages, losses, and costs plaintiff is claiming in the action. This information is plainly relevant, and calls for slightly different information than that offered in response to Interrogatories 4 and 13, and in the Complaint. Accordingly, defendants' motion to compel is **GRANTED** as to Interrogatory 21. Plaintiff shall provide a response to this Interrogatory on or before **October 30, 2020**.

### I.   Interrogatory 24

Interrogatory 24 asks plaintiff to provide detailed information about any occasion on which he has "ever been arrested or convicted[]" of any offense. Doc. #48-2 at 11. Defendants contend this information is relevant, pursuant to Rule 609 of the Federal Rules of Evidence, for impeachment purposes. See Doc. #48-1 at 12. Rule 609, however, does not cast the wide net defendants suggest. Arrests are not admissible at all for impeachment purposes under Rule 609, and only certain prior convictions are admissible under the Rule. See Fed. R. Evid. 609. Plaintiff expressly objected to this request as overbroad, and yet defendants have made no effort to narrow it. The Court will not rewrite the request on defendants' behalf. See, e.g., Doe v. Town of Greenwich, No. 3:18CV01322(KAD)(SALM), 2020 WL 2374963, at *8 (D. Conn. Feb. 28, 2020) ("Plaintiff has made no effort to tailor or limit this request to information that might conceivably be relevant[.] The Court will not undertake that effort on plaintiff's behalf.").

Accordingly, defendants' motion to compel is **DENIED** as to Interrogatory 24.

### J.   RFP 5

RFP 5 seeks plaintiff's federal, state, and local tax returns for each of the three years preceding the Incident. Defendants provide no specific basis for the relevance of this

information, other than that they are entitled to it in order

"to prepare a defense[.]" Doc. #48-1 at 13.

> Although income tax returns are not inherently
> privileged, courts are typically reluctant to compel
> their disclosure because of both the private nature of
> the sensitive information contained therein and "the
> public interest in encouraging the filing by taxpayers
> of complete and accurate returns. To compel the
> disclosure of income tax returns, a two-part test must
> be satisfied: (1) the returns must be relevant to the
> subject matter of the action and (2) there must be a
> compelling need for the returns because the information
> is not otherwise readily obtainable.

Uto v. Job Site Servs. Inc., 269 F.R.D. 209, 212 (E.D.N.Y. 2010)

(citations and quotation marks omitted). Defendants have not

established the relevance of the plaintiff's tax returns to this

action, nor have they demonstrated a "compelling need" for

plaintiff's tax returns. Id.

Accordingly, defendants' motion to compel is **DENIED** as to

RFP 5.

**V.   Conclusion**

For the reasons stated above, plaintiff's motion to compel

**[Doc. #62]** is **DENIED, without prejudice**. If plaintiff believes

that defendants have not complied with his discovery requests to

produce all of the police reports and affidavits related to the

Incident, and defendants' body camera footage, plaintiff may

file a renewed motion to compel. Plaintiff must file any such

motion with the Court by **October 30, 2020.**

Defendants' motion to compel **[Doc. #48]** is **GRANTED, in part, and DENIED, in part**. The motion is **DENIED** as to Interrogatories 17, 20(b), 20(c), 20(e), and 24, and as to Requests for Production 5, 7, and 11.

The motion is **GRANTED** as to Interrogatories 1, 3, 4, 5, 6, 7, 8, 9, 10, 12, 14, 15, 16, 19, 20(a), 20(d), 21, 22, and 25. Plaintiff shall provide responses to these Interrogatories on or before **October 30, 2020**. The motion is **GRANTED, in part**, as to Interrogatory 2. Plaintiff shall provide a response to the narrowed Interrogatory on or before **October 30, 2020**.

The motion is **GRANTED** as to Requests for Production 1, 2, 3, 4, 6, 8, 9, and 10. Plaintiff shall provide responses to these Requests for Production on or before **November 13, 2020**.

**Failure to comply with this Order may result in the imposition of sanctions. Such sanctions may include prohibiting plaintiff from pursuing certain claims or presenting certain evidence. Failure to comply with Court orders may also result in dismissal of this action.**

It is so ordered this 13th day of October, 2020, at New Haven, Connecticut.

/s/
HON. SARAH A. L. MERRIAM
UNITED STATES MAGISTRATE JUDGE