### UNITED STATES DISTRICT COURT
### DISTRICT OF CONNECTICUT

```
------------------------------x
                              :
SHAWN MILNER                  :    Civ. No. 3:18CV01104(JAM)
                              :
v.                            :
                              :
MARK KICHAR, OFFICER          :    March 24, 2021
PODLESNEY, DUSTIN DEMONTE,    :
and OFFICER MARINO            :
                              :
------------------------------x
```

### RULING ON PENDING DISCOVERY MOTIONS

This matter was referred to the undersigned for a ruling on the following motions: Docs. #126, #129, #132, #133, #148, and #156, filed by plaintiff; and Doc. #127, filed by defendants. See Docs. #175, #176. The matter was also referred for a discovery and scheduling conference, and for entry of an amended scheduling order. See Doc. #173.[1] On March 4, 2021, the Court held a discovery and scheduling conference via Zoom video conference. See Doc. #182. Considering all of the submissions filed, and the matters discussed during that conference, the Court hereby enters the following Orders.

### I.   Background

Plaintiff Shawn Milner ("plaintiff") brings this action against the Bristol Police Department and a number of its

---

[1] A full amended scheduling order, including revised deadlines for the filing of dispositive motions, will be filed at a later date, after all remaining discovery matters have been concluded.

1

officers, making claims arising out of an incident that occurred on April 11, 2018 (hereinafter, "the Incident"). See Doc. #1. Upon initial review pursuant to 28 U.S.C. §1915, the Court permitted the action to proceed against Bristol P.D. Officers Kichar, Podlesney, DeMonte, and Marino (collectively, "defendants") on claims of excessive force in violation of the Fourth Amendment, pursuant to 42 U.S.C. §1983, and for assault and battery under state law. See Doc. #15 at 7.

## II.  **Orders re: Written Discovery**

For the reasons set forth below and during the March 4, 2021, conference, the Court enters the following Orders regarding written discovery.

### A.  **Plaintiff's Motions for Temporary Restraining Orders [Docs. #148, #156]**

Plaintiff has filed two motions he styles as Motions for Temporary Restraining Orders [Docs. #148, #156], related to the production of discovery. In Doc. #148, plaintiff "requests the Court to order the defendants to disclose the reports, videos and emails regarding the plaintiff regarding defendants Marino, Podlesney, Demonte, Kichar as well as their supervisors reports and body cameras." Doc. #148 at 1 (sic). In Doc. #156, plaintiff

> moves the Court for an order instantly requiring the defendants to call Bristol Hospital via conference call with the plaintiff and court and simply inquire as to if defendant Lance Podlesney received treatment from their hospital in April of 2018.

2

Doc. #156 at 1. Plaintiff further asks the Court to "order those [hospital] reports disclosed." Id. (sic).

This is not an appropriate use of a motion for a temporary restraining order. "The purpose of a temporary restraining order is to preserve an existing situation in statu quo until the court has an opportunity to pass upon the merits of the demand for a preliminary injunction." Pan Am. World Airways, Inc. v. Flight Engineers' Int'l Ass'n, PAA Chapter, AFL-CIO, 306 F.2d 840, 842 (2d Cir. 1962). "The Court will not permit plaintiff to make an end run around the rules of discovery ... by framing what is essentially a request to compel discovery as a motion for a temporary restraining order. Thus, to the extent that plaintiff's motion seeks a temporary restraining order, that part of the motion is denied." LaPierre v. LaValley, No. 9:15CV01499(MAD), 2017 WL 2189580, at *2 (N.D.N.Y. May 18, 2017).

Accordingly, the motions for temporary restraining orders **[Doc. #148, Doc. #156]** are **DENIED**. However, the Court will consider the arguments regarding discovery included in these motions in evaluating the plaintiff's motions to compel.

**B.   Plaintiff's Motions to Compel [Docs. #126, #129]**

Prior to the close of written discovery on October 1, 2020, plaintiff and defendants both filed motions to compel discovery. See Docs. #48, #62. On October 9, 2020, the Court held a

discovery conference by Zoom video conference. See Doc. #68.
Following that conference, the Court issued a Ruling on the
parties' motions to compel. See Doc. #69.

The Court denied plaintiff's Motion to Compel, Doc. #62, as
premature. In that Motion, plaintiff sought two specific types
of discovery: (1) "police reports (Affidavits)" relating to the
Incident, and (2) "body worn camera footage in its entirety[.]"
Doc. #62 at 1. The Court found that the Motion, which was filed
on September 24, 2020, was premature because the deadline for
defendants to respond to plaintiff's discovery requests was
October 9, 2020. See Doc. #69 at 4. The Court wrote:

> If, after reviewing the disclosures received from
> defendants, plaintiff has good cause to believe that he
> has not received all police reports and affidavits
> relating to the Incident, and all "body worn camera
> footage in its entirety" capturing the incident, he may
> file a renewed motion to compel on or before **October 30,
> 2020.**

Id. at 4-5. Plaintiff filed a motion entitled "Motion to
Reconsider Plaintiff's Motion to Compel and Summary Judgment" on
October 27, 2020, see Doc. #76, which the Court construed as a
renewed motion to compel. See Doc. #84. In that Motion,
plaintiff again sought to compel production of "the body worn
cameras and dash board cameras of the defendants as well as
their police reports/affidavits[.]" Doc. #76 at 2. Judge Meyer
denied that Motion on November 12, 2020. See Doc. #92.

Plaintiff has now filed two additional Motions to Compel,

Docs. #126 and #129. In Doc. #126, plaintiff seeks an order compelling defendants "to produce all of the July 27th 2020 requests for production." Doc. #126 at 1. Plaintiff also seeks to compel "the already requested medical reports of defendant Lance Podlesney[,]" "emails of the defendants (that exist) and have not been provided[,]" and for "defendants to detail and provide their actions during the 24 hour time period immediately proceeding their contact with the plaintiff." Id. at 1-2 (sic). In Doc. #129, plaintiff seeks an order "compelling the defendants to disclose the body camera of Bristol Police officer Micheal Szymczak" and asserts that "the requested reports and videos of Marino, Podlesney, Lund and Gotowala still have not been provided[.]" Doc. #129 at 1 (sic).

As discussed, at the close of discovery, only two categories of discovery were in dispute: (1) police reports and affidavits and (2) body worn camera videos. See Doc. #62. The Court permitted plaintiff to file a renewed motion to compel as to those discrete categories, see Doc. #69 at 4-5, which he did on October 27, 2020. See Doc. #76. Accordingly, plaintiff has made repeated, timely requests to compel (1) police reports and affidavits and (2) body worn camera videos related to the Incident.

To ensure that plaintiff has received the discovery he has requested, and as discussed during the conference, defendants

shall produce a list of all of the (1) police reports and affidavits and (2) body worn camera videos that have been produced to plaintiff. Defendants shall leave a blank space beneath each item that they assert has been produced to plaintiff. Defendants shall file this list on the docket and mail a copy to plaintiff by **April 9, 2021.**

Plaintiff shall review the list and indicate, in the space provided beneath each listed item, whether he is in possession of that item. Plaintiff shall do so by writing one of the following three responses beneath each item defendants identify as having been produced: **(1) yes, I received this item and am currently in possession of it; (2) I never received this item; or (3) I received this item, but I am no longer in possession of it.** Plaintiff shall file a copy of the list, with his responses noted, on the docket by **April 30, 2021.**

If, after reviewing defendants' list, plaintiff contends that there are additional (1) police reports and affidavits or (2) body worn camera videos that exist but were not identified on the list of produced materials, plaintiff shall file a Notice on the docket specifically describing any such items. As to any such item, plaintiff must indicate the basis for his belief that the item exists. Plaintiff shall file any such Notice on the docket by **April 30, 2021.**

The Court will review plaintiff's responses when they are

6

filed and determine whether any further production by defendants should be ordered.

The Court encourages defense counsel to communicate with staff at the Northern Correctional Institution and/or the Attorney General's office to ensure that the videos are available in the evidence room at the facility for plaintiff's review.

Plaintiff's Motions to Compel [Docs. #126, #129] are **TAKEN UNDER ADVISEMENT to the limited extent described herein,** and solely as they relate to (1) police reports and affidavits and (2) body worn camera videos.

To the extent that plaintiff's Motions seek to compel discovery <u>other than</u> (1) police reports and affidavits and (2) body worn camera videos, any such requests are **DENIED, as untimely.**

The Court notes that plaintiff seeks to compel production of defendant Podlesney's medical records from Bristol Hospital. <u>See</u> Doc. #126 at 1; Doc. #156 at 1-2. It appears that defendants do not object to this request, so no Court order is required. Defense counsel represented during the March 4, 2021, conference that defendants have made diligent efforts to produce those records. Counsel first requested Podlesney's records from Bristol Hospital's third-party record keeper upon receipt of plaintiff's requests for production. Counsel sent two additional

requests for the records in December, 2020, and January, 2021.
Counsel did not receive the records until March 2, 2021.[2] Upon
receipt of the records, defendants' counsel sent them to
plaintiff by certified mail. Thus, plaintiff should have
received defendant Podlesney's hospital records by now.

### C.   Defendants' Motion for Sanctions [Doc. #127-a]

On December 21, 2020, defendants filed a Motion for
Sanctions and Motion for Order to Reopen Plaintiff's Deposition
(Doc. #127). The Court construes this filing as encompassing two
distinct motions, which the Court will designate as Doc. #127-a
and Doc. #127-b. Doc. #127-a seeks sanctions against plaintiff,
specifically, dismissal of the case due to plaintiff's failure
to comply with the Court's orders regarding discovery. See Doc.
#127 at 3. In the event that plaintiff is not sanctioned with
dismissal, Doc. #127-b seeks to reopen plaintiff's deposition.
See id. at 1. The Court will address each aspect of the motion
separately.

The Court takes Doc. #127-a, defendants' motion for
sanctions, **UNDER ADVISEMENT**. As noted, defendants contend that
this case should be dismissed due to plaintiff's failure to

---

[2] Defense counsel has gone to extraordinary lengths to obtain
Podlesney's medical records. After repeated, unsuccessful
requests to Bristol Hospital's third-party record keeper,
counsel reached out to a Bristol Hospital employee through a
mutual acquaintance. That hospital employee provided the
relevant records to counsel.

comply with the Court's orders regarding discovery. See Doc.
#127 at 2-3. The Court agrees that plaintiff has failed to
comply with this Court's orders. However, in an excess of
caution, and because plaintiff is a self-represented party who
is currently incarcerated, the Court will permit plaintiff one
more opportunity to provide complete and accurate responses to
defendants' outstanding written discovery requests, as set forth
below.

Following the October 9, 2020, conference, the Court issued
a Ruling granting, in part, and denying, in part, defendants'
Motion to Compel (Doc. #48). See Doc. #69. For the reasons set
forth in that Ruling, plaintiff was ordered to provide responses
to Interrogatories 1, 2, 3, 4, 5, 6, 7, 8, 9, 10, 12, 14, 15,
16, 19, 20(a), 20(d), 21, 22, and 25 by October 30, 2020, and to
Requests for Production ("RFPs") 1, 2, 3, 4, 6, 8, 9, and 10 by
November 13, 2020. See id. at 19. The court warned:

> **Failure to comply with this Order may result in the
> imposition of sanctions. Such sanctions may include
> prohibiting plaintiff from pursuing certain claims or
> presenting certain evidence. Failure to comply with
> Court orders may also result in dismissal of this action.**

Id.

On November 12, 2020, the Court extended the deadline for
plaintiff to respond to all outstanding written discovery
requests to November 30, 2020. See Doc. #89. On November 26,
2020, the Court again extended this deadline, to December 16,

2020. See Doc. #114. On December 30, 2020, after the deadline expired, and after defendants filed their Motion for Sanctions (Doc. #127-a), plaintiff filed his responses to defendants' outstanding discovery requests as an attachment to a different filing. See Doc. #138 at 7. A stamp on this document indicates it was "SCANNED at NCI and emailed" on December 16, 2020. Id.

After receiving and reviewing plaintiff's production, defendants filed an objection to plaintiff's motion for sanctions.[3] See Doc. #147. This Objection includes a renewed request for sanctions, and details the deficiencies in plaintiff's discovery production. Specifically, defendants assert that plaintiff has (1) provided no response to Interrogatories 14 and 25, (2) persisted in his overruled objections to Interrogatories 12 and 16, and (3) provided inadequate responses to Interrogatories 1, 2, 4, 6, 8, 9, and 22. See Doc. #147 at 4-6. Defendants also contend that plaintiff has failed to provide adequate responses to RFPs 1, 2, 3, 4, 6, 8, 9, and 10. See id. at 6. The Court will address each outstanding request in turn.

### i.   Interrogatories 12, 14, 16, and 25

The Court has previously considered -- and overruled --

_____

[3] Doc. #147 was docketed as an objection, rather than as a motion. It has not been referred to the undersigned.

plaintiff's objections to these interrogatories.[4] Accordingly,
plaintiff must provide <u>full and adequate</u> responses to
Interrogatories 12, 14, 16, and 25 by **April 30, 2021**.

### ii. Interrogatory 1

Defendants assert that plaintiff has failed to provide a
complete response to Interrogatory 1. <u>See</u> Doc. #147 at 5.
Interrogatory 1 asks:

> State your full names, other names by which you have
> been known, date of birth, present address, other
> addresses where you have resided within the past ten
> years, business address, address of company by whom you
> have been employed within the past ten years,
> occupation, and social security number.

Doc. #48-2 at 3. In response, plaintiff has written: "Shawn
Isaac Milner, 287 Bilton Rd Somers CT 06071 (See attachment

---

[4] To the extent that plaintiff raises a <u>new</u> objection to
Interrogatory 16 on the grounds that the information sought is
protected by attorney-client privilege, that objection is
overruled. "The attorney-client privilege protects confidential
communications between client and counsel made for the purpose
of obtaining or providing legal assistance." <u>Bernstein v.</u>
<u>Mafcote, Inc.</u>, 43 F. Supp. 3d 109, 113 (D. Conn. 2014).
Plaintiff does not have counsel in this case. Plaintiff asserts
that the information sought by Interrogatory 16 is "protected by
attorney-client priviledge as there is litigation being prepared
to set forth a habeas corpus action to re-open the criminal
aspect of this case[,]" Doc. #138 at 16-17 (sic), but he has not
alleged that any responsive information would include
confidential communications between him and his counsel. There
is no apparent basis for a finding that the information sought
is protected by the privilege. Additionally, plaintiff did not
previously raise this objection, and it is therefore waived. <u>See</u>
Fed. R. Civ. P. 33(b)(4).

A)[.]" Doc. #138 at 9. There is a page that reads "Exhibit A" in Doc. #138, which is immediately followed by an affidavit by defendants' counsel. See Doc. #138 at 4-6. That affidavit contains no information responsive to Interrogatory 1. See id. The Court has also reviewed the other attachments to Doc. #138 and sees no materials that would constitute a full and complete response to Interrogatory 1. The Court therefore agrees that plaintiff has failed to provide a complete response to Interrogatory 1, as ordered by the Court. See Doc. #69 at 8. Accordingly, plaintiff must provide a full and adequate response to Interrogatory 1 by **April 30, 2021.**

### iii. Interrogatory 2 (partial)

The Court ordered plaintiff to respond to a narrowed version of Interrogatory 2:

> State whether, during the 24-hour period prior to the Incident, you had any interactions with law enforcement officials, and if so, describe such interactions in detail. State whether, during the 24-hour period prior to the incident, you used any alcoholic beverages, pharmaceuticals, narcotics, or drugs, and if so, describe when and what you used.

Doc. #69 at 14-15. In response to this Interrogatory, plaintiff states: "At no point did the plaintiff have any contact with any law enforcement." Doc. #138 at 9. Defendants appear to contend that plaintiff's answer is false, asserting that they have evidence of "interactions they had with the plaintiff in the hours leading up to the incident alleged in his complaint." Doc.

#147 at 4. They contend that "[t]hese interactions are eminently relevant to plaintiff's claims and the reasonableness of the defendants' conduct" during the Incident. Id. As previously set forth, see Doc. #69 at 14-15, the Court agrees that such interactions are relevant, and has indeed already ruled on that issue. However, plaintiff has provided an answer to the first part of Interrogatory 2, notwithstanding defendants' belief that his response is untrue. Thus, the Court will not require any further response from plaintiff.

Plaintiff has not provided any response to the second part of Interrogatory 2, which asks about his substance use in the 24-hour period before the incident. Accordingly, plaintiff must provide a full and adequate response to the following portion of Interrogatory 2 by **April 30, 2021**: "State whether, during the 24-hour period prior to the incident, you used any alcoholic beverages, pharmaceuticals, narcotics, or drugs, and if so, describe when and what you used."

### iv. Interrogatories 4, 6, 8, and 9

The Court ordered plaintiff to respond to Interrogatories 4, 6, 8, and 9, seeking information regarding plaintiff's allegations of physical, mental, and emotional injuries caused by the Incident, his treatment for those injuries, and any pre-existing conditions. See Doc. #69 at 8-12. In response to Interrogatory 4(a), which asks for "the names and addresses of

13

all medical providers with whom you have consulted," Doc. #48-2 at 4, plaintiff directs defendants to the "Bristol Hospital reports in possession of defendants" and others "as well as body camera" footage. Doc. #138 at 13. Defendants assert that "plaintiff has not provided the defendants with a single medical record or a release to obtain such records." Doc. #147 at 5. Plaintiff has, however, responded to Interrogatory 4 by stating that the only medical provider with whom he has consulted is Bristol Hospital, from April 11, 2018, through April 13, 2018. See Doc. #138 at 13. This is a sufficient response. The issue of medical records will be addressed in relation to the Requests for Production. Accordingly, no further response to Interrogatory 4 is required.

In response to Interrogatory 6, plaintiff has written "see interragatories 4 and 5"; in response to Interrogatories 8 and 9, plaintiff has written "see interagatory 4[.]" Doc. #138 at 14 (sic). Plaintiff's answers to Interrogatories 4 and 5 are not responsive to Interrogatories 6, 8, and 9, and his answers to Interrogatories 6, 8, and 9 are therefore inadequate. Accordingly, plaintiff must provide full and adequate responses to Interrogatories 6, 8, and 9 by **April 30, 2021.**

### v.   Interrogatory 22

In response to Interrogatory 22, which asks for a "detailed description of the events and circumstances surrounding your

claim for assault and battery," Doc. #48-2 at 9, plaintiff
directs defendants to "Attatchments H" and "Attatchments D[.]"
Doc. #138 at 18 (sic). Attachment D to Doc. #138 appears to be
an incident report from the Bristol Police Department. See Doc.
#138 at 26-27. Doc. #138 does not appear to include an
Attachment H. However, on the same day that plaintiff's
discovery responses were filed, plaintiff also filed a Motion
for Summary Judgment, which includes numerous attachments,
including an Attachment H. See Doc. #139 at 53-58. The Court has
reviewed Attachment H to Doc. #139, which consists of two
reports from the Bristol Police Department as well as
photographs depicting an unidentified person's leg and hand
injuries. See id. Neither Attachment D to Doc. #138 nor
Attachment H to Doc. #139 provides plaintiff's version of the
"events and circumstances surrounding" his claim. Furthermore,
directing defendants to attachments -- including their own
reports -- is not a sufficient response to an interrogatory. See
Fed. R. Civ. P. 33(b)(3) ("Each interrogatory must[] ... be
answered separately and fully in writing under oath."). The
response provided to Interrogatory 22 is inadequate.
Accordingly, plaintiff must provide a full and adequate response
to Interrogatory 22 by **April 30, 2021.**

      **vi.  RFPs 1, 2, 3, 4, 6, 8, 9, and 10**

    The Court ordered plaintiff to respond to RFPs 1, 2, 3, 4,

6, 8, 9, and 10. See Doc. #69 at 19. Defendants contend that plaintiff's responses are inadequate because he "relies on attachments, which are nothing more than excerpts from documents that were provided to him by the defendants. Plaintiff has not provided any documents of his own and has made no effort to provide the medical records the Court compelled him to provide." Doc. #147 at 6 (citation omitted).

In response to RFPs 1, 2, 3, and 4 plaintiff directs the defendants to Attachments H and I, and "Bristol Hospital Reports[.]" Doc. #138 at 19.

It does not appear that Doc. #138 contains an Attachment H or an Attachment I. However, as noted previously, on the same day that plaintiff filed his discovery responses he also filed a Motion for Summary Judgment with numerous attachments. See Doc. #139. Attachments H and I to Doc. #139 are both reports from the Bristol Police Department, plus photographs depicting an unidentified person's leg and hand injuries. See id. at 53-61. Neither is responsive to defendants' RFPs, and the responses are inadequate. Accordingly, plaintiff must provide the materials sought in RFPs 1, 2, 3, and 4 by **April 30, 2021**.

In response to Request 6, plaintiff states: "Not in the Plaintiff control or possession." Id. (sic). Plaintiff does not appear to have made any effort to obtain such materials. Accordingly, plaintiff must provide the materials sought in RFP

16

6 by **April 30, 2021.**

RFPs 8, 9, and 10 seek plaintiff's medical records. <u>See</u>
Doc. #48-2 at 11. Given plaintiff's repeated failure to provide
these records, and his assertions that he does not have access
to them, plaintiff is ORDERED to provide defendants with a HIPPA
release authorizing defendants to obtain all records "regarding
(1) the injuries (mental, psychological, and/or physical) he
allegedly sustained during the Incident; (2) treatment for such
injuries and resulting conditions; and (3) medical records
relating to pre-existing conditions for a period of ten years
prior to the Incident[.]" Doc. #69 at 13. Defendants shall
provide plaintiff with the appropriate release forms for Bristol
Hospital, as well as general HIPPA release forms in the event
that plaintiff has had other providers, by **April 2, 2021.**
Plaintiff must provide a fully executed HIPPA release form <u>for</u>
<u>each and every medical provider responsive to the RFP</u>, as
described above, with that provider's name and address
completed, to defendants by **April 30, 2021.**

In sum, Plaintiff is ordered to provide complete, accurate
responses to Interrogatories 1, 2, 6, 8, 9, 12, 14, 16, 22, and
25, and to RFPs 1, 2, 3, 4, 6, 8, 9, and 10, by **April 30, 2021.**

### vii. Sanctions

As discussed herein, plaintiff has not only failed to
comply with his discovery obligations, but has failed to comply

with this Court's Orders. Plaintiff is advised that every party

to litigation has an obligation to respond to proper discovery

requests, and to comply with Court rules and orders regarding

discovery. Failure to do so may result in the imposition of

sanctions. See Fed. R. Civ. P. 37. Rule 37 of the Federal Rules

of Civil Procedure provides for a variety of potential sanctions

for failure to comply:

> If a party ... fails to obey an order to provide or
> permit discovery, including an order under Rule 26(f),
> 35, or 37(a), the court where the action is pending may
> issue further just orders. They may include the
> following:
> (i) directing that the matters embraced in the order or
> other designated facts be taken as established for
> purposes of the action, as the prevailing party claims;
> (ii) prohibiting the disobedient party from supporting
> or opposing designated claims or defenses, or from
> introducing designated matters in evidence;
> (iii) striking pleadings in whole or in part;
> ...
> (v) dismissing the action or proceeding in whole or in
> part;
> ... or
> (vii) treating as contempt of court the failure to obey
> any order[.]

Fed. R. Civ. P. 37(b)(2)(A). When "there is a clearly

articulated order of the court requiring specified discovery,

the district court has the authority to impose Rule 37(b)

sanctions for noncompliance with that order." Daval Steel Prod.,

a Div. of Francosteel Corp. v. M/V Fakredine, 951 F.2d 1357,

1363 (2d Cir. 1991).

**Plaintiff is hereby ordered to respond to defendants' outstanding written discovery requests, as set forth herein, by <u>April 30, 2021</u>. If plaintiff fails to do so, the Court will impose sanctions, which may include the dismissal of this case.**

## III. <u>Orders re: Depositions</u>

For the reasons described herein, the Court enters the following orders regarding depositions.

### A.   Defendants' Motion for Order to Reopen Plaintiff's Deposition [Doc. #127-b]

On November 13, 2020, defendants filed a Motion to Reopen Plaintiff's Deposition. <u>See</u> Doc. #96. Defendants sought to reopen the deposition to "show [plaintiff] videos of his interactions with the defendant officers and question him regarding those videos" as well as the 24-hour period leading up to the Incident. <u>See</u> Doc. #96 at 2. On November 17, 2020, the Court denied defendants' Motion as premature because defendants had not yet received plaintiff's response to Interrogatory 2, which asked plaintiff about the 24-hour period prior to the Incident. <u>See</u> Doc. #99. The Court wrote: "After reviewing plaintiff's response to Interrogatory 2, and any other discovery responses received, defendants may file a renewed motion to reopen plaintiff's deposition[]" by December 11, 2020. <u>Id.</u> This deadline was thereafter extended to December 22, 2020. <u>See</u> Doc. #114.

19

On December 21, 2020, defendants timely filed a renewed
motion to reopen plaintiff's deposition

> to show plaintiff videos of his interaction with the
> defendant officers, question him regarding those videos,
> and question him about his interactions with law
> enforcement officers at the time of the incident alleged
> in his complaint and the twenty-four (24) hour period
> leading up to the incident alleged in his complaint.

Doc. #127 at 4.

Plaintiff has failed to provide an adequate response to
Interrogatory 2. The information requested therein is relevant
to this matter. Moreover, defendants previously represented that
the parties agreed to reopen plaintiff's deposition to review
video recordings and question plaintiff about them. See Doc. #96
at 1. Accordingly, defendants' Motion for Order to Reopen
Plaintiff's Deposition, Doc. #127-b, is **GRANTED**. Defendants may
reopen plaintiff's deposition for the limited purposes
articulated in their Motion. See Doc. #127 at 4. Defendants
shall conduct plaintiff's reopened deposition by **May 31, 2021**.

Plaintiff is advised that if he refuses to answer questions
at the reopened deposition, sanctions may be imposed. See Kelley
v. City of Hamden, No. 3:15CV00977(AWT)(SALM), 2016 WL 5348568,
at *3 (D. Conn. Sept. 23, 2016) ("The failure of plaintiff to
fully participate in the re-noticed deposition and to answer any
relevant questions may result in the imposition of sanctions,

including the dismissal of the complaint."). Such sanctions may include dismissal of this case.

**B.   Plaintiff's Requests for Depositions [Doc. #132]**

On November 17, 2020, plaintiff filed five separate motions, each seeking leave to take the oral deposition of a different person. See Docs. #101, #102, #103, #104, #105. Three of the proposed deponents were defendants Demonte, Kichar, and Podlesney; two were non-parties Rodney Gotowala and Elizabeth Mosely. The Court denied plaintiff's motions on December 3, 2020, because discovery had closed on October 1, 2020. See Doc. #120.

Plaintiff now asks the Court to reconsider this denial. See Doc. #132. As the basis for reconsideration, plaintiff alleges that the parties agreed that plaintiff could depose the defendants after defendants had conducted their deposition of plaintiff. See id. at 1–2. Plaintiff contends that because defendants never concluded their deposition of plaintiff, he did not have the opportunity to depose defendants prior to the close of discovery. See id. Defendants dispute this allegation, asserting that "there was no agreement amongst the parties to conduct depositions, other than plaintiff's continued deposition, at any time during or after the relevant discovery period." Doc. #136 at 7.

The Court hereby takes Plaintiff's Motion to Reconsider
Plaintiff's Motion to Depose Requested Deponents [Doc. #132]
**UNDER ADVISEMENT**, as to defendants Demonte, Kichar and
Podlesney. As set forth in this Ruling, plaintiff shall provide
responses to all outstanding written discovery requests by April
30, 2021. Defendant shall conduct plaintiff's reopened
deposition by May 31, 2021. The Court will then determine
whether plaintiff has complied with his discovery obligations,
and render a decision on the defendants' motion for sanctions.
The Court will determine at that time whether plaintiff will be
permitted leave to reopen discovery for the limited purpose of
taking the depositions of these three defendants.

As to plaintiff's request to depose non-parties, the Court
finds that plaintiff has not established any basis for the need
for these depositions, or the relevance of the evidence these
deponents might have. Accordingly, to the extent plaintiff seeks
to depose non-parties Rodney Gotowala and Elizabeth Mosely, the
motion is **DENIED**.

## IV.  Plaintiff's Motion to Reopen Discovery [Doc. #133]

Plaintiff has also filed a Motion to Reopen Discovery
Entirely. See Doc. #133. As set forth above, the Court takes
under advisement plaintiff's request to depose certain
defendants. However, **discovery is closed and will not be
reopened.** Written discovery closed on October 1, 2020. See Doc.

22

#71 at 1. Plaintiff has had ample opportunity to conduct discovery in this matter, and has failed to establish good cause for reopening discovery generally at this time. <u>Cf.</u> <u>Harnage v.</u> <u>Brennan</u>, No. 3:16CV01659(AWT)(SALM), 2018 WL 2128379, at *5 (D. Conn. May 9, 2018) ("A party seeking to reopen discovery bears the burden of establishing good cause and discovery should not be extended when there was ample opportunity to pursue the evidence during discovery." (citation and quotation marks omitted)). **Accordingly, plaintiff's Motion to Reopen Discovery Entirely [Doc. #133] is DENIED.**

## V.   <u>Conclusion</u>

For the reasons set forth herein, Docs. #133, #148, and #156 are **DENIED**; Docs. #126, #129, and #132 are **DENIED,** in part, and **TAKEN UNDER ADVISEMENT,** in part; Doc. #127-a is **TAKEN UNDER ADVISEMENT**; and Doc. #127-b is **GRANTED.** In sum:

- Plaintiff shall provide complete responses to defendants' outstanding written discovery requests by **April 30, 2021.**

- Defendants shall file, on the docket, a list of the (1) police reports and affidavits and (2) body worn camera footage that have been produced by **April 9, 2021.**

- Plaintiff shall file his responses to defendants' list of discovery produced by **April 30, 2021.**

- Defendants shall conduct plaintiff's continued deposition by **May 31, 2021.**

The deadlines for the filing of dispositive motions and the joint trial memorandum are hereby **SUSPENDED.** The Court will consider deadlines for these matters in a separate Order, after all discovery issues have been concluded.

**Plaintiff is advised that failure to fully comply with the Orders set forth in this Ruling will lead to the imposition of sanctions, up to and including the dismissal of this case.**

It is so ordered this 24th day of March, 2021, at New Haven, Connecticut.

_____/s/_____
HON. SARAH A. L. MERRIAM
UNITED STATES MAGISTRATE JUDGE

24