UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

```
-------------------------------x
                               :
SHAWN MILNER                   :   Civ. No. 3:18CV01104(JAM)
                               :
v.                             :
                               :
MARK KICHAR, OFFICER           :   May 20, 2021
PODLESNEY, DUSTIN DEMONTE,     :
and OFFICER MARINO             :
                               :
-------------------------------x
```

**RULING ON PLAINTIFF'S MOTIONS TO COMPEL [Docs. #126 and #129]**

This matter has been referred to the undersigned for several purposes, including to resolve two of plaintiff's motions to compel, which are docketed at Doc. #126 and Doc. #129.[1] See Doc. #175. On March 4, 2021, the Court held a discovery and scheduling conference with the self-represented plaintiff and counsel for the defendants, by Zoom video conference. See Doc. #182. On March 24, 2021, the Court issued a Ruling addressing a number of then-pending discovery disputes. See Doc. #196. In that Ruling, the Court took the two motions addressed herein (Docs. #126 and #129) under advisement. The Court directed defendants and plaintiff to file certain materials with the Court, to assist the Court in rendering its decision on these pending motions. Defendants complied with the

---

[1] Plaintiff has filed numerous motions to compel. Only these two are at issue in this ruling.

1

Court's orders in that regard; plaintiff did not. For the reasons set forth herein, plaintiff's motions to compel, Docs. #126 and #129, are **DENIED**.

I. <u>Background</u>

Plaintiff Shawn Milner ("plaintiff") brings this action as a self-represented party against four officers of the Bristol Police Department, making claims related to an incident that occurred on April 11, 2018 (hereinafter, "the Incident"). See Doc. #1. After initial review pursuant to 28 U.S.C. §1915, the Court permitted the action to proceed against Bristol P.D. Officers Kichar, Podlesney, DeMonte, and Marino (collectively, "defendants") on claims of excessive force in violation of the Fourth Amendment, pursuant to 42 U.S.C. §1983, and for assault and battery under state law. See Doc. #15 at 7.

II. <u>Plaintiff's Motions to Compel [Docs. #126 and #129]</u>

Prior to the close of written discovery on October 1, 2020, plaintiff and defendants both filed motions to compel discovery. See Docs. #48, #62. On October 9, 2020, the Court held a discovery conference by Zoom video conference. See Doc. #68. Following that conference, the Court issued a Ruling addressing the parties' motions to compel. See Doc. #69. Plaintiff's motion, Doc. #62, sought two specific types of discovery: (1) "police reports (Affidavits)" relating to the Incident, and (2) "body worn camera footage" of the incident. Doc. #62 at 1. The

2

Court denied this motion, without prejudice, as premature, because the deadline for defendants to respond to plaintiff's discovery requests had not yet passed when the motion was filed, and defendants represented that they did in fact provide responses by the deadline. See Doc. #69 at 4. The Court wrote:

> If, after reviewing the disclosures received from defendants, plaintiff has good cause to believe that he has not received all police reports and affidavits relating to the Incident, and all "body worn camera footage in its entirety" capturing the incident, he may file a renewed motion to compel on or before **October 30, 2020**.

Id. at 4-5. On October 27, 2020, plaintiff filed a motion entitled "Motion to Reconsider Plaintiff's Motion to Compel and Summary Judgment," see Doc. #76, which the Court construed as a renewed motion to compel. See Doc. #84. In that Motion, plaintiff again sought to compel production of "the body worn cameras and dash board cameras of the defendants as well as their police reports/affidavits[.]" Doc. #76 at 2. Judge Meyer denied that motion on November 12, 2020. See Doc. #92.

On December 16, 2020, and December 21, 2020, plaintiff filed the instant motions to compel. See Docs. #126, #129. The Court, in its March 24, 2021, Ruling construed these motions as making timely requests, again, for defendants to disclose any police reports or affidavits regarding the Incident, and any video footage of the Incident. See Doc. #196 at 4-7. To the extent plaintiff sought other discovery in those motions, the

3

motions were denied. See id. at 7. The Court took plaintiff's motions to compel under advisement and ordered defendants to file on the docket and provide to plaintiff a list of all of the (1) police reports and affidavits and (2) body worn camera videos that had been produced to plaintiff. See id. at 5-6. The purpose of ordering the creation of this list was to provide the Court with a complete accounting of the materials disclosed, so that the Court could "[e]nsure that plaintiff has received the discovery he has requested[.]" Id. at 5. The Court ordered plaintiff to review the list and file an annotated version on the docket, indicating whether he had received, and was in possession of, each item defendants claimed they had produced. See id. at 6.

    The Court gave plaintiff specific, detailed instructions as to how he should proceed:

> Plaintiff shall review the list and indicate, in the space provided beneath each listed item, whether he is in possession of that item. Plaintiff shall do so by writing one of the following three responses beneath each item defendants identify as having been produced: **(1) yes, I received this item and am currently in possession of it; (2) I never received this item; or (3) I received this item, but I am no longer in possession of it**. Plaintiff shall file a copy of the list, with his responses noted, on the docket by **April 30, 2021.**
>
> If, after reviewing defendants' list, plaintiff contends that there are additional (1) police reports and affidavits or (2) body worn camera videos that exist but were not identified on the list of produced materials, plaintiff shall file a Notice on the docket specifically describing any such items. As to any such item, plaintiff

4

> must indicate the basis for his belief that the item exists. Plaintiff shall file any such Notice on the docket by **April 30, 2021.**
>
> The Court will review plaintiff's responses when they are filed and determine whether any further production by defendants should be ordered.

Id. at 6-7.

The Ruling concluded with the following caution: "**Plaintiff is advised that failure to fully comply with the Orders set forth in this Ruling will lead to the imposition of sanctions, up to and including the dismissal of this case**." Id. at 24.

On March 29, 2021, defendants filed a list of all discovery materials that they had produced to plaintiff, including all affidavits or reports, and all videos, that had been disclosed. See Doc. #199. As instructed, defendants left a blank space beneath each item listed. See id. The list indicates that defendants produced to plaintiff numerous reports and videos. See id.

Plaintiff has filed a great many items on the docket since the Court entered its March 24, 2021, Ruling. However, plaintiff has failed to file his version of the list, indicating which items he has and has not received. Plaintiff also has not filed any Notice "specifically describing" any "additional (1) police reports and affidavits or (2) body worn camera videos that exist but were not identified on the list of produced materials[.]" Doc. #196 at 6. Instead, plaintiff continues to assert in a

5

conclusory fashion that defendants have not complied with discovery, and sought sanctions against them. See, e.g., Doc. #205 at 2 ("[T]he record clearly reflects that the Defendants have not provided complete, timely, or adequate responses to the plaintiff's discovery requests[.]"); Doc. #208 at 1 (asserting that he has "still not received Defendant Podlesnsey and Marino's incident reports, emails, toxicology reports[, and] full body cameras"); Doc. #210 at 2 (contending that defendants have "[r]efused to respond to admissions and request[s] for discovery documents, emails and videos[]"); Doc. #215 ("[n]otif[ying] the court of the defendants refusal to comply with discovery" (sic)); Doc. #217 at 1 (motion to compel, inter alia, defendants' "incident reports, complete body camera's/dashboard cameras" (sic)). Such bald allegations are insufficient to call into question defendants' compliance. See Lord v. Int'l Marine Ins. Servs., No. 3:08CV01299(JCH), 2013 WL 1136410, at *3 (D. Conn. Mar. 18, 2013) (denying motion for discovery sanctions where plaintiffs "have come forward with no evidence other than mere conjecture that [defendant] IMU has been less than fully forthcoming in its discovery response[]").

Despite making these claims of defendants' non-compliance with discovery, plaintiff himself has not complied with the Court's orders, which were issued in an effort to assist plaintiff in obtaining any and all "(1) police reports and

6

affidavits or (2) body worn camera videos" of the Incident. Doc. #196 at 6. Moreover, while plaintiff repeatedly asserts that defendants have not complied with discovery, see, e.g., Doc. #205 at 2, he has filed many submissions that include photographs, police reports, and photocopies of CDs, which appear to have been produced by defendants. See, e.g., Doc. #207 at 2-16; Doc. #210 at 9-12; Doc. #212 at 4-5; Doc. #214 at 4-5; Doc. #219 at 4-7. Thus, it appears that plaintiff is in possession of at least some of the discovery he has requested.

The Court has attempted to ensure that plaintiff has received all discovery responsive to the two requests at issue. To that end, the Court set out a detailed and careful plan, in which plaintiff's cooperation was necessary. Plaintiff has failed to cooperate by indicating which (1) police reports and affidavits and (2) body worn camera videos he currently possesses, has never possessed, or received but no longer possesses.

Defendants represent, through counsel, that they have provided plaintiff with "all police reports and affidavits related to the incident and the body worn camera footage from all BPD officers who activated their body worn camera while at the scene of the incident giving rise to plaintiff's complaint." Doc. #87 at 5-6. Plaintiff has not objected, or responded in any way, to the list of discovery materials defendants contend they

7

produced, despite the Court explicitly directing him to do so if he had any concerns. See Doc. #196 at 6-7. The Court therefore accepts as true defendants' representations that they have produced all responsive (1) police reports and affidavits and (2) body worn camera videos within their possession and control. See Mirmina v. Genpact LLC, No. 3:16CV00614(AWT), 2017 WL 3189027, at *3 (D. Conn. July 27, 2017) ("The Court accepts defense counsel's sworn representation that all responsive materials have been disclosed."). Accordingly, plaintiff's motions to compel, Docs. #126 and #129, are **DENIED**.

### III. Conclusion

For the reasons set forth herein, plaintiff's motions to compel (1) police reports and affidavits and (2) body worn camera videos are **DENIED**.

It is so ordered this 20th day of May, 2021, at New Haven, Connecticut.

> /s/
> HON. SARAH A. L. MERRIAM
> UNITED STATES MAGISTRATE JUDGE