UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

SHAWN MILNER,
    *Plaintiff*,

v.                                           No. 3:18-cv-1104 (JAM)

CITY OF BRISTOL *et al.*,
    *Defendants*.

**ORDER GRANTING DEFENDANTS' MOTIONS FOR SANCTIONS**

This is an action alleging that the police engaged in excessive force. Because the plaintiff has willfully failed to comply with the Court's discovery orders despite many months and opportunities to do so and despite being warned of the consequences if he failed to comply, I will grant the defendants' motions for sanctions to dismiss this action with prejudice.

**BACKGROUND**

In June 2018, plaintiff Shawn Milner—a prisoner of the Connecticut Department of Correction—filed this *pro se* lawsuit alleging in relevant part that he was subject to the use of excessive force by police officers of the City of Bristol, Connecticut.[1] The Court entered an initial review order allowing his excessive force claims to proceed.[2]

Unfortunately, however, the case has been plagued ever since with discovery disputes and scores of redundant and quasi-coherent filings by Milner peremptorily seeking judgment,

---

[1] Doc. #1.
[2] Doc. #15.

1

contempt, sanctions, and other relief in his favor.[3] In September 2020, I referred the parties to Magistrate Judge Sarah Merriam to address the parties' discovery disputes.[4]

Judge Merriam has since conducted hearings and issued rulings. On October 13, 2020, Judge Merriam granted in part and denied in part the defendants' motion to compel discovery, concluding that Milner must respond to Interrogatories 1, 2 (partial), 3, 4, 5, 6, 7, 8, 9, 10, 12, 14, 15, 16, 19, 20 (partial), 21, 22, and 25, as well as to respond to Requests for Production 1, 2, 3, 4, 6, 8, 9, and 10.[5] These discovery requests pertain to plainly relevant issues such as the names of prospective witnesses, Milner's activities immediately prior to the incident at issue (including his possible use of drugs or alcohol), and medical records with respect to Milner's claim for damages.[6] Judge Merriam's order explicitly warned Milner in boldface type that his failure to comply could result in sanctions including dismissal of his action.[7]

Judge Merriam subsequently extended the due date for Milner to respond to defendants' discovery requests until November 30, 2020, and then again until December 16, 2020.[8] On December 21, 2020, the defendants moved for sanctions on the ground of Milner's failure to comply with discovery as ordered by Judge Merriam.[9]

---

[3] I have previously ruled on many of these motions. Docs. #164-174. Presently pending are more than 35 motions filed by Milner that summarily seek contempt, default judgment, summary judgment, sanctions, recusal, reconsideration, settlement, release, prosecution of the defendants, and so forth. Docs. #132, #180, #181, #184-191, #200-210, #212-214, #216, #217, #221, #222, #226, #228-232, #238. Milner has also moved to disqualify Judge Merriam because of his disagreement with her rulings. Docs. #193, #195. A litigant's disagreement with a judge's rulings does not warrant disqualification, and "a court's careful enforcement of its rulings does not reflect partiality." *United States v. Wedd*, 993 F.3d 104, 114–15, 118 (2d Cir. 2021); *see Williams v. City of New York*, 633 Fed. App'x 541, 544 (2d Cir. 2011).
[4] Docs. #61, #63, #64.
[5] Doc. #69 at 19.
[6] Docs. #48-2 (interrogatories and requests for production).
[7] Doc. #69 at 19.
[8] Docs. #89, #114.
[9] Doc. #127.

I referred this motion among others to Judge Merriam.[10] Relatedly, I denied the parties' cross-motions for default and other sanctions pending Judge Merriam's additional consideration of the parties' discovery disputes.[11] I specifically advised that "in the event that Judge Merriam enters a future discovery order that is not subject to a timely and proper objection and if either party fails to timely comply in good faith with such order, then the opposing party may promptly file a motion to seek entry of default or other sanctions on the ground of willful failure to comply with Judge Merriam's discovery order."[12]

On March 24, 2021, Judge Merriam issued an order after conducting another hearing on the pending discovery motions.[13] As relevant here, Judge Merriam ruled that Milner "has failed to comply with this Court's orders," but that "in an excess of caution, and because plaintiff is a self-represented party who is currently incarcerated, the Court will permit plaintiff [Milner] <u>one more opportunity</u> to provide complete and accurate responses to defendants' outstanding discovery requests."[14]

Judge Merriam then conducted a group-by-group discussion of each of the pending discovery requests for which Milner still had not responded or fully responded.[15] She ordered Milner to furnish responses not later than April 30, 2021, to Interrogatories 1, 2 (partial), 6, 8, 9, 12, 14, 16, 22, and 25, as well as to Requests for Production 1, 2, 3, 4, 6, 8, 9, and 10.[16] Once again, Judge Merriam warned that Milner's failure to respond to the outstanding discovery requests as she had ordered could result in sanctions, including dismissal of this action.[17]

---

[10] Doc. #162.
[11] Doc. #164.
[12] Ibid.
[13] Doc. #196.
[14] Id. at 9 (emphasis in original).
[15] Id. at 10-17.
[16] Id. at 17.
[17] Id. at 19.

On May 21, 2021, the defendants filed a renewed motion for sanctions.[18] Their motion describes how Milner has failed to comply with Judge Merriam's discovery order except to the extent of providing a release of information for a single hospital.[19] Defendants move to dismiss this action in light of Milner's failure to comply with Judge Merriam's order.[20] Although Milner has filed numerous other motions seeking judgment or other summary relief in his favor, he has not filed any objection or other response to the defendants' motion for sanctions.[21]

## DISCUSSION

Federal Rule of Civil Procedure 37(b)(2)(A) empowers the Court to issue discovery sanctions in its discretion "[i]f a party ... fails to obey an order to provide or permit discovery." Sanctions may be imposed to serve any or all of the following purposes: (1) "to protect other parties to the litigation from prejudice resulting from a party's noncompliance with discovery obligations" and/or restore those parties to where they would have been absent the discovery violation; (2) to "ensure that a party will not benefit from its own failure to comply"; (3) "to obtain compliance with the particular order issued"; or (4) "to serve a general deterrent effect on the case at hand and on other litigation." *S. New England Tel. Co. (SNET) v. Global NAPs Inc.*, 624 F.3d 123, 149 (2d Cir. 2010) (discussing purpose of sanctions in connection with order affirming default judgment for discovery sanctions).[22] Courts enforcing discovery sanctions ensure that a party will not benefit from noncompliance by, among other things, "placing the risk

---

[18] Doc. #225.
[19] *Id.* at 2-3.
[20] *Id.* at 3.
[21] More than six weeks ago, *pro bono* counsel appeared to represent Milner in this action as well as in another of Milner's pending actions. *See* Doc. #236; *Milner v. Laplante*, 18-cv-903 (D. Conn.). Counsel has not filed any objection or other response to the defendants' motion nor sought an extension of time to do so. Milner has since filed a motion to discharge his counsel but then changed his mind to request that I not discharge his counsel. Docs. #239, #240.
[22] Unless otherwise indicated, this ruling omits internal quotation marks, alterations, citations, and footnotes in text quoted from court decisions.

of an erroneous evaluation of the [absent] evidence on the [violating] party." *Chin v. Port Auth. of N.Y & N.J.*, 685 F.3d 135, 162 (2d Cir. 2012).

Courts may impose sanctions as severe as default judgment for violating discovery orders where failure to comply with a court order is due to "willfulness or bad faith, or is otherwise culpable." *Chevron Corp. v. Donziger*, 833 F.3d 74, 147 (2d Cir. 2016); *Guggenheim Capital, LLC v. Birnbaum*, 722 F.3d 444, 451 (2d Cir. 2013) (same). In evaluating whether it is appropriate to impose such an extreme remedy, courts consider the degree of willfulness, whether lesser sanctions would effectively resolve the specific problems caused by a lack of discovery, the duration of noncompliance, and whether the non-compliant party was given notice of the possibility that he would face such a sanction and an opportunity to comply with outstanding orders. *See Guggenheim Capital*, 722 F.3d at 451. The factors are not exclusive and they "need not each be resolved against" the noncompliant party to justify default judgment. *SEC v. Razmilovic*, 738 F.3d 14, 25 (2d Cir. 2013), *as amended* (Nov. 26, 2013). If default judgment is an appropriate sanction, the Court may dispose of all claims related to the discovery violation at issue, because "the severity of sanction must be commensurate with the non-compliance." *Shcherbakovskiy v. Da Capo Al Fine, Ltd.*, 490 F.3d 130, 140 (2d Cir. 2007).

Milner has flagrantly defied the Court's discovery orders time and again over the last year. He has been afforded exceptional leeway in light of his status as a *pro se* litigant. He has been repeatedly warned of the potential consequence of dismissal. Still, he has failed to respond to large numbers of basic discovery requests that involve central factual issues relevant to the defendants' ability to defend against his claims that they are liable for money damages. The defendants—no less than the Court itself—have also expended significant resources attempting to secure compliance, but Milner has refused to comply.

I have considered the possibility of lesser sanctions but conclude on the balance of all factors that the appropriate remedy is an order of dismissal. *See Roberts v. Bennaceur*, 2015 WL 1471889, at *16 (D. Conn. 2015) (dismissing action where "multiple attempts to encourage discovery compliance through lesser means—issuing very specific instructions, extending deadlines, and warning about the possibility of sanctions—have been to no avail"), *aff'd*, 658 F. App'x 611 (2d Cir. 2016).

To the extent that Milner might claim that the defendants have reciprocally failed to comply with their discovery obligations, this argument overlooks that Milner has not complied with Judge Merriam's order to specify what discovery has not been produced.[23] His unsubstantiated claims that the defendants have failed to comply with their discovery obligations as well as his additional failure to comply with Judge Merriam's orders to specify such non-compliance are further reason for me to conclude that dismissal rather than any lesser sanction or remedy is an appropriate sanction.

## CONCLUSION

The Court GRANTS defendants' motions for sanctions. Docs. #127, #225. The Court DISMISSES this action with prejudice.

All remaining motions in this action are DENIED as moot. Docs. #132, #180, #181, #184-191, #193, #200-210, #212-214, #216, #217, #221, #222, #226, #228-232, #238-240.

The Clerk of Court shall close this case. It is so ordered.

Dated at New Haven this 24th day of September 2021.

/s/ *Jeffrey Alker Meyer*
Jeffrey Alker Meyer
United States District Judge

---

[23] Doc. #223 at 6-7.